IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA HARMON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 4:19-cv-4653 |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**COMPLAINT**

Plaintiff, DONNA HARMON, files this Complaint and Jury Demand against Defendant TEXAS SOUTHERN UNIVERSITY, alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA"), the Texas Commission on Human Rights Act; and the Family and Medical Leave Act. For causes of action, Plaintiff would show the Court as follows:

**I.**

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff DONNA HARMON is a resident of Brazoria County, Texas.

2. Defendant TEXAS SOUTHERN UNIVERSITY is an entity which can be served with Citation through its Registered Agent.

3. This Court has jurisdiction to hear the merits of Ms. Harmon's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Mr. Brauns's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a) because the incidents that gave rise to the claims in this case occurred in Harris County, Texas.

## II.

## FACTUAL BACKGROUND

5. Ms. Harmon was hired by the Defendant in 2002 as a Visiting Instructor.

6. Ms. Harmon suffered from the loss of all of the cartilage in the left half of her right knee.  As a result, she became substantially limited in several major life activities, including but not limited to walking, bending, kneeling, standing, and sitting.

7. In November 2018 Ms. Harmon filed for FMLA to begin in January 2019, as she had knee replacement surgery scheduled for January. She finished the fall semester in mid-December and turned in the grades for her students. On December 17, 2018 the chair of the department insisted that she attend a meeting on December 18. Ms. Harmon responded that she had a doctor's appointment related to her upcoming surgery scheduled during the meeting time on December 18 and would not be able to attend the meeting.

8. On December 18, Ms. Harmon was informed that her employment was terminated as of January 1, 2019, because she was not able to attend the meeting.

## III.
## CAUSES OF ACTION

## COUNT ONE:
## ADA and TCHRA - Discrimination

9. Defendants violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by discharging Plaintiff.  42 U.S.C. § 12101 et seq.; Texas Labor Code §21.001 et seq.

10. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 et seq., it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

11. Defendants are employers under the ADA and the TCHRA.

12. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendants as a person with a disability.

13. Plaintiff was meeting her employer's expectations. Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendants regarded Plaintiff as a person with a disability. In addition, Defendant denied Plaintiff reasonable accommodations under the ADA by requiring her to attend the meeting on December 18, 2017.

14. Defendants violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by refusing to reasonably accommodate Plaintiff's disability and by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendants' perception of Plaintiff as a person with a disability moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

## COUNT TWO
## Family and Medical Leave Act

15. The Family and Medical Leave Act prohibits an employer from retaliating against an employee for taking FMLA leave. See 29 U.S.C. §2615(a) and 29 U.S.C. §2615(b). At all times relevant to this Complaint, Defendant was an employer covered by the FMLA. Prior to the start of her FMLA leave, Plaintiff had been employed by Defendant for at least 12 months and

3

had worked at least 1,250 hours during the 12 months prior to the start of her FMLA leave. The employer is one who employs 50 or more employees within a 75-mile radius of the worksite.

16. Plaintiff availed herself of a protected right under the FMLA and was subsequently terminated. There is a causal connection between the Plaintiff's protected activity and Defendant's decision to terminate Plaintiff. Plaintiff's taking of FMLA was a motivating factor in the decision to terminate, and as such was a cause of Plaintiff's damages, as set forth below.

## IV.

## DAMAGES

17. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.

## COMPENSATORY DAMAGES

18. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her association with a person with a disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional

standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.

## PUNITIVE DAMAGES

19. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## LIQUIDATED DAMAGES

20. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

21. A prevailing party may recover reasonable attorneys' and experts' fees under the ADA, FMLA, and TCHRA. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.

## JURY DEMAND

22. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1.	The Court assume jurisdiction of this cause;

2.	The Court award Plaintiff damages as specified above;

3.	The Court award Plaintiff reinstatement or, in the alternative, front pay;

4.	The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5.	The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6.	The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

    Respectfully submitted,

    THE LAW OFFICES OF KELL A. SIMON
    501 North IH-35, Suite 111
    Austin, Texas 78702
    (512) 898-9662 Telephone
    (512) 368-9144 Facsimile

    /s/ Kell A. Simon
    Kell A. Simon
    State Bar No. 24060888
    ATTORNEY FOR PLAINTIFF